Beer, J.
Two causes of the above title are before the court. The record in the first shows the following:
E. M. P. recovered judgment on default for answer against the executor of P. for $2,050, on an alleged “ account for services in taking care of W. P. during the last six years of his life, 212 weeks at $5.00 per week, with- interest.” The entry states the judgment to have been rendered on evidence. After the term at which it was entered, the executor filed his petition under the statute to vacate, and for leave to defend, embodying therein a transcript of the complete record in the case. In his petition he sets forth, among other things, that *144 the account on which said judgment was procured to be entered was groundless; that said E. M. P. was an unmarried daughter of the testator, resident in and as a member of his family during all the time said services are claimed to have been rendered; that no understanding ever existed, and no agreement or promise was ever made, on the part of or by the testator, to compensate said services; that the executor, by oversight, failed to make defense; and that E. M. P. procured said judgment to be entered on default without presenting to the court any evidence in support of or tending to support her claim, or the amount thereof. * A general demurrer to the executor’s petition was sustained, and his petition dismissed. The record is brought here for review and reversal.
The demurrer admits that the averments of the petition to vacate are true, and they must be so held, notwithstanding the original judgment recites that it was entered on evidence heard. If then it sets forth a complete defense to the original action, as we think it does, and states a sufficient ground for vacation, which we also think it does, the judgment sustaining the demurrer must be reversed. The questions presented are determined by the following familiar principles of law and rules of practice:
1. No implied obligation arises against a father to compensate the services rendered him by his unmarried daughter-while resident in and a member of his family; and without proof of some understanding, agreement, or promise on his part to compensate them, no right or cause of action accrues to her therefor.
. 2. In an action, the cause whereof is not founded on contract, .express or implied, the verification of the petition does not prima facie embrace or determine the amount of recovery; and it is error to enter judgment thereon without evidence of amount or value.
3. Where a petition to vacate avers that the judgment sought to be vacated was procured to be entered on default for answer without evidence, for a demand not founded on contract, express or implied, and its averments are admitted by demurrer, it discloses fraud in the prevailing party constituting a ground for vacation.
West, Brown & West, attorneys for the executor.
McLaughlin & Dow, contra.
The judgment of the common pleas is reversed and cause remanded, with directions to overrule the demurrer.